**Jaburg & Wilk, P.C.**
1850 N. Central Avenue, Suite 1200
Phoenix, AZ 85004
(602) 248-1000

Maria Crimi Speth (012574)
mcs@jaburgwilk.com
Aaron K. Haar (030814)
akh@jaburgwilk.com
Amir J. Sadeghi (039648)
ajs@jaburgwilk.com

*Attorneys for Plaintiff Greython Construction LLC*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Greython Construction LLC, a Connecticut limited liability company, | Case No. |
| Plaintiff, | **COMPLAINT** |
| v. | JURY TRIAL DEMANDED |
| Greython Construction LLC, an Arizona limited liability company; Derek Ahlvers, an individual; Manuel Dinizyan, an individual, | |
| Defendants. | |

## THE PARTIES AND JURISDICTION

1. This is an action for trademark infringement and unfair trade practices under 15 U.S.C. §§ 1114 & 1125.

2. Plaintiff Greython Construction LLC is a Connecticut limited liability company that has an address of 31 Water St., Suite 4, Mystic, CT 06355 ("Greython Connecticut").

3. Defendant Greython Construction LLC is an Arizona limited liability company that has an address of 1168 E. Tyson St., Gilbert, AZ 85295 ("Greython Arizona").

4. Defendant Derek Ahlvers ("Ahlvers") is, and at all relevant times has been, an individual and resident of Arizona, and has an address of 1168 E. Tyson St., Gilbert, AZ 85295.

5. Defendant Manuel Dinizyan ("Dinizyan") is, and at all relevant times has been, an individual and resident of Arizona and has an address of 7025 E Via Soleri Dr Scottsdale, Arizona 85251.

6. Defendants Greython Arizona, Ahlvers, and Dinizyan are collectively referred to herein as "Defendants."

7. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 & 1338 because this action arises under various laws of the United States, insofar as it arises from issues related to goods and/or services used in interstate or foreign commerce and trademarks.

8. This Court has personal jurisdiction over Defendants because they reside in this District.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred within this District and/or a substantial part of property that is the subject of the action is situated in this District.

## JURY TRIAL DEMAND

10. Greython Connecticut requests a trial by jury on all issues so triable of right pursuant to Fed. R. Civ. P. 38.

## FACTUAL BACKGROUND

11. Greython Connecticut is a national and international construction management and general construction company.

12. Greython Connecticut owns U.S. Trademark Registration No. 7,750,269 for GREYTHON CONSTRUCTION in connection with "General construction contracting services; Construction project management services" in International Class

37, with an effective date of February 8, 2024, with a First Use in Commerce date at least as early as August 31, 2014 (the "Federal Registration") (attached hereto as **Exhibit "A"**).

13. Greython Connecticut possesses common law rights in the trademark "GREYTHON CONSTRUCTION" ("Greython Connecticut's Mark").

14. Greython Connecticut's Mark identifies Greython Connecticut's services and distinguishes its services from those of others.

15. Greython Connecticut's Mark has thus come to represent the superior quality of Greython Connecticut's construction management and general construction services.

16. Greython Connecticut enjoys a good business reputation nationally and internationally, having won numerous awards for its nationally recognized projects.

17. Defendant Greython Arizona was formed in Arizona on September 8, 2025.

18. Defendant Ahlvers is, and at all relevant times was, a principal of Greython Arizona.

19. Greython Arizona and Ahlvers have used, and continue to use, the identical mark "GREYTHON CONSTRUCTION" also in connection with construction since at least as early as September 8, 2025.

20. Defendant Dinizyan registered the trade name GREYTHON CONSTRUCTION with the Arizona Secretary of State on September 4, 2025, describing his business as "home builder."

21. Defendants' identical use of Greython Connecticut's Mark and company name in connection with construction is likely to cause confusion among customers and others.

22. Defendants' infringing use of Greython Connecticut's Mark and company name damages Greython Connecticut's good reputation and business.

23. Greython Connecticut has made repeated demands that Greython Arizona and Ahlvers cease and desist its infringing use.

3

24. Defendant Ahlvers, as principal, member, and manager of Greython Arizona, has authorized, directed, and/or participated in the infringement of Greython Connecticut's Mark.

25. Defendants are liable jointly and severally for the foregoing infringement.

## FIRST CAUSE OF ACTION

**(Federal Trademark Infringement – 15 U.S.C. § 1114(a))**

26. Greython Connecticut incorporates by reference all facts and allegations of this Complaint as though fully set forth herein.

27. This claim is against all Defendants for trademark infringement in violation of 15 U.S.C. § 1114.

28. Greython Connecticut is the owner of the Federal Registration for GREYTHON CONSTRUCTION (Exhibit A).

29. Greython Connecticut has exclusive and superior rights to use GREYTHON CONSTRUCTION in connection with construction services, construction contracting services, and construction project management services.

30. Greython Connecticut has continually used its Mark in commerce since at least as early as August 31, 2014.

31. Defendants have used, and continue to use, the identical mark "GREYTHON CONSTRUCTION" for construction services in interstate commerce since September of 2025.

32. Defendants have used, and continue to use, the identical mark for their construction services in a manner likely to cause confusion, to cause mistake, or to deceive, as to the origin, affiliation, connection, sponsorship, or association between Defendants' usage of the infringing mark and Greython Connecticut's Mark.

33. Defendants Greython Arizona and Ahlvers have continued to infringe Greython Connecticut's exclusive rights after having been put on actual notice.

34. Defendants have undertaken such acts willfully, intentionally, and without permission or authorization from Greython Connecticut.

35. Defendants have therefore infringed, and continue to infringe, Greython Connecticut's Mark and Federal Registration in violation of 15 U.S.C. § 1114.

36. By reason of the foregoing, Greython Connecticut has been injured in an amount not yet fully determined but believed to be in excess of the jurisdictional limit of this Court and in an amount to be proven at the time of trial.

37. Because Defendants' acts have been committed willfully, intentionally, and with the intent to profit from Greython Connecticut's goodwill in Greython Connecticut's Mark, this is an exceptional case and Greython Connecticut is entitled to recover their attorneys' fees, costs, and expenses associated with this action pursuant to 15 U.S.C. § 1117(a).

38. Furthermore, in light of Defendants' willful and intentionally infringing use of a counterfeit mark, Greython Connecticut is entitled to recover Defendants' profits and statutory damages, and is entitled to trebling of such damages pursuant to 15 U.S.C. §§ 1117(a), 1117(b), and 1117(c).By reason of Defendants' acts of trademark infringement, Greython Connecticut has suffered and will continue to suffer irreparable injury and Greython Connecticut will have no adequate remedy at law unless and until this Court enters an order enjoining Defendants from any further acts of trademark infringement pursuant to 15 U.S.C. § 1116.

## SECOND CAUSE OF ACTION
### (15 U.S.C. § 1125(a))

39. Greython Connecticut incorporates by reference all facts and allegations of this Complaint as though fully set forth herein.

40. Greython Connecticut exclusively owns valuable and rights in Greython Connecticut's Mark and has continuously used and maintained superior priority in

5

Greython Connecticut's Mark since at least as early as August 31, 2014, long before Defendants' wrongful conduct began.

41. Greython Connecticut's Mark are distinctive and valuable source identifiers for Greython Connecticut's services.

42. Defendants' unauthorized use in commerce of the identical infringing mark is likely to cause confusion, or to cause mistake, or to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' offerings, and is likely to cause consumers to believe, contrary to fact, that Defendants' offerings are sold, authorized, endorsed, or sponsored by Greython Connecticut, or that Defendants is in some way affiliated with or sponsored by Greython Connecticut.

43. Defendants' conduct violates 15 U.S.C. § 1125(a).

44. Defendants willfully committed the foregoing acts, demonstrating that this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

45. By reason of the foregoing, Greython Connecticut has been injured in an amount not yet fully determined but believed to be in excess of the jurisdictional limit of this Court and in an amount to be proven at the time of trial.

46. Because Defendants' acts have been committed willfully, intentionally, and with the intent to profit from Greython Connecticut's goodwill in Greython Connecticut's Mark, this is an exceptional case and Greython Connecticut is entitled to recover their attorneys' fees, costs, and expenses associated with this action pursuant to 15 U.S.C. § 1117(a).

47. Furthermore, in light of Defendants' willful and intentionally infringing activities, Greython Connecticut is entitled to recover Defendants' profits and is entitled to trebling of such damages pursuant to 15 U.S.C. §§ 1117(a) and 1117(b).

48. By reason of Defendants' acts of trademark infringement, Greython Connecticut has suffered and will continue to suffer irreparable injury and Greython Connecticut will have no adequate remedy at law unless and until this Court enters an

6

order enjoining Defendants from any further acts of trademark infringement pursuant to 15 U.S.C. § 1116.

### THIRD CAUSE OF ACTION

### (Common Law Trademark Infringement)

49. Greython Connecticut incorporates by reference all facts and allegations of this Complaint as though fully set forth herein.

50. Greython Connecticut is the common law owner of Greython Connecticut's Mark and has been continuously using Greython Connecticut's Mark in commerce since August 31, 2014.

51. Defendants have used, and continue to use, in commerce the identical Infringing Mark to identify their construction services since September of 2025.

52. Defendants' use of the identical Infringing Mark is in a manner likely to cause confusion with Greython Connecticut's Marks and cause consumers and others to mistakenly believe that the businesses are related to or associated with one and other.

53. Defendants have undertaken such acts willfully, intentionally, and without permission or authorization from Greython Connecticut.

54. Defendants have therefore infringed, and are infringing, Greython Connecticut's superior common law rights in its Mark.

55. By reason of the foregoing, Greython Connecticut has been injured in an amount not yet fully determined but believed to be in excess of the jurisdictional minimum of this Court, in an amount to be proven at the time of trial.

56. By reason of Defendants' acts of trademark infringement, Greython Connecticut has suffered and will continue to suffer irreparable injury and Greython Connecticut will have no adequate remedy at law unless and until this Court enters an order enjoining Defendants from any further acts of trademark infringement.

### REQUEST FOR RELIEF

57. WHEREFORE, Greython Connecticut respectfully requests judgment against Defendants as follows:

A. For a judgment that Greython Connecticut's Federal Registration of GREYTHON CONSTRUCTION has been infringed by Defendants;

B. For a judgment that Greython Connecticut's common law trademark of GREYTHON CONSTRUCTION has been infringed by Defendants;

C. Preliminary and permanent injunctions against Defendants' continued infringement of Greython Connecticut's Mark, preventing Defendants continued infringement, including against any use of Greython Connecticut's Mark in Defendants' company name(s), email addresses, domain names, trade names and other uses, including answering the phones and/or otherwise identifying themselves using Greython Connecticut's Mark in connection with construction services.

D. For actual damages resulting from Defendants' trademark infringement;

E. An award of punitive damages for intentional and willful acts by Defendants;

F. That under all causes of action, for an order requiring the Defendants to restore any money or property that Defendants may have acquired as a result of any act or practice constituting trademark infringement, false designation of origin, false advertising, and/or unfair competition, and an order requiring Defendants to disgorge any profits that it acquired as a result of its unfair competition with Greython Connecticut.

G. For an award of attorneys' fees and costs incurred herein because of the knowing, intentional, willful, and wanton nature of Defendants' conduct pursuant to 15 U.S.C. § 1117(a);

H. For an award of enhanced and treble damages because of the knowing, intentional, willful, and wanton nature of Defendants' conduct pursuant to 15 U.S.C. § 1117(b);

      I.      For statutory damages because of Defendants' use of a counterfeit mark pursuant to 15 U.S.C. § 1117(c);

      J.      For an order finding that an award of pre- and post-judgment interest is necessary to fully compensate Greython Connecticut for the damages it has sustained; and

      K.      For any such other and further relief as the Court may deem proper.

**DATED** this 18th day of December, 2025.

**JABURG & WILK, P.C.**

/s/Maria Crimi Speth
Maria Crimi Speth
Aaron K. Haar
Amir J. Sadeghi
1850 N. Central Avenue, Suite 1200
Phoenix, AZ 85004

*Attorneys for Plaintiff Greython Construction LLC*